The last case on the calendar is the United States v. Rosa. There should be no question in this case that there was procedural error below insofar as Judge Johnson stated no reason for why he was imposing his particular sentence. The operative question, obviously, before the Court is whether or not we've shown plain error on that front. And as I indicated in the brief, there's – canvassing the circuit's precedents, there appear to be two categories for not finding plain error in that context. One is where the Court has specifically adopted the PSR in open court, which obviously didn't happen here. And the second is when it – the Court adopts it in its statement of reasons. Here, Judge Johnson did adopt the PSR in its statement of reasons, but this is a very atypical statement of reasons, and that's what I'm focusing on. Typically – and what I'm arguing and asking the Court is that there comes a point at which a statement of reasons is so disconnected from what happened at sentencing that it shouldn't be used as a proxy for what happened at sentencing and shouldn't be used to go ahead and clear plain error – cure plain error, sorry. And so when we look at the statement of reasons, as I indicated in the brief, it's filled out two months later after sentencing. Sentencing was in April. It's filled out in June. It starts out with – it says it's adopting the PSR without change, which, of course, isn't what happened at sentencing. At sentencing, it was fundamentally changed in terms of getting rid of a three-level enhancement. It indicated the total offense level was 26 when, in fact, it was 23. It indicated a guideline range calculated at 70 to 87 months, which wasn't correct. It was 51 to 63 months. It does say that the sentence was within the guideline range. This is not a 3553c2 case where it was outside the guideline range, but it's just fortuitous that it actually happened to land within 70 to 87 months. And then finally, we have the disconnect with the restitution where it indicated that the restitution was 690 when, in fact, at sentencing it had been found to be 715,000-ish. Don't dispute any of the factual findings in the PSR. Am I right about that? There is no dispute as to the factual findings. So it's really the focus here – I mean, correct me if I'm wrong, but the most important flaw here is probably the failure to – the disconnect between the sentencing guidelines as calculated at the actual sentencing in open court and the statement in the – in the SOR that the PSR was being adopted without change. The two – the two places where it differs from what happened at sentencing, the two fundamental places are the guideline calculation enhancement aspect of it and the restitution aspect of it. But then you have to ask yourself, okay, so we've checked the box called, and we're adopting the PSR. There are no objections made to the PSR. Is this Court going to assume for purposes of plain error that that's enough of a showing that the PSR facts are what the Court relied on, which is, therefore, what edified the defendant as to why he imposed the sentence? And I want to stress that this is a really narrow and atypical case. I mean, most of the time they'll adopt it at sentencing, or the statement of reasons will at least have some semblance of resemblance to what happened at sentencing. But when you get this much of a disconnect, my plea to the Court is that they not use it as a proxy to go ahead and fix plain error. The Court, this Court in Lewis, emphasized really strongly why a court should go ahead and state the reasons for its sentence in open court. And it's not just for the defendant to understand why the sentence is what it is and for the appellate court to understand why the sentence is what it is, but for the public to have some level of faith in the transparency of what's going on, which is contravened when a judge says, okay, range 51 to 63 months, I'm giving you 63 months. It doesn't work, and it's not what this Court should tolerate. And consistent with the plain error analysis in Lewis, we ask that the Court go ahead and find plain error here. I will note, and obviously I'm not here to contradict and contravene, nor do I have the authority to do that, the Second Circuit's precedents, it's interesting to cure a plain error in an open court omission through a statement of reasons which isn't publicly disseminated, and so it doesn't serve any of those functions. This Court has found it. Lewis struggled with it. Espinoza found that, yeah, it is what it is. But I'm asking the Court, again, where there's this level of disconnect, not to use that to avoid plain error. And our request is to remand for resentencing. Thank you. May it please the Court. My name is Michael Robati, and I represent the United States. The question on this appeal is whether the district court committed plain error by failing to adequately explain its guideline sentence of 87 months' imprisonment. For three reasons, it did not, and this court should affirm the district court's sentence. First, even if the district court did not adequately explain its sentence on the record, it cured any such error by adopting the factual findings in the PSR in its written statement of reasons. Second, in any event, the district court did adequately explain on the record the reasons for its sentence in light of the lengthy sentencing proceeding here. And finally, even if there was error, it does not meet the plain error standard, which is this court's most deferential standard of review. So let me first turn to my first point here, which I think will squarely address most of the argument that opposing counsel made during his time here today. So the government's view is that Espinoza, this court's 2008 case, controls here. In that case, as the defendant acknowledges in his briefs, this court held that where a district court fails to satisfy the open court requirement of 3553C, such failure is not tantamount to establishing plain error. If the district court relies on the PSR, and this is the key language here, and the factual findings in the PSR are adequate to support the sentence. So below in this case, there was no dispute, as opposing counsel just acknowledged, about the factual findings in the PSR. But shouldn't the guidelines range make some difference here? I mean, as you know, the statement of reasons has this fundamental flaw in saying we are relying, we did not vary from the PSR in terms of the range. So how do we connect those factual findings to what the district court did at sentencing if the written statement is telling us that a different guidelines range applied than was employed at sentencing? So during the sentencing proceeding below, there was some discussion about the appropriate guidelines range, and the PSR had originally calculated a three-point enhancement for the defendant's post-plea misconduct. But during the course of the sentencing proceeding, the district court adjusted the guidelines range once the parties agreed that that three-point enhancement did not apply. And importantly, as everyone agrees here, the guidelines range was accurately calculated on the record at sentencing. So I don't think when you're then looking at the written statement of reasons, the fact that the court inadvertently listed the previous guidelines range in any way calls into question the underlying factual findings of the PSR, which is what Espinoza says that we should be looking at here to determine whether or not there were sufficient facts to support the sentence at issue. Everyone agreed below that the facts were as they were set forth in the PSR. We agree to that here today. And Espinoza instructs that if those factual findings are sufficient to support the district court's sentence, then there is no plain error. And so can I just ask, is the way that we know that the district court actually relied on the PSR's factual findings from the statement of reasons? Yes, Your Honor, I believe so. So we are to believe that part of the statement of reasons, but we're to disbelieve the other parts of the guidelines range. Your Honor, I don't think that there can be any question that the district court was intending when it adopted the PSR in the statement of reasons to rely on the PSR's factual reasons. Well, that's what I'm saying. We can rely on that part of the statement of reasons to say, yes, when the court checked the box saying I adopt the PSR without changes, he meant it. Yes, Your Honor. All of it. When he said that whole thing, he said I adopt it without any changes? Yes, Your Honor. That's the position of the government. For the reason that nobody was disputing any of the factual determinations, if we were to suggest that he was not adopting the PSR findings in the proceeding below, we would have to assume that he was sua sponte, disagreeing with certain factual findings in the PSR, despite the fact that the district court did not raise any such concerns at the sentencing proceeding, despite the fact that the parties did not raise any such concerns, and therefore discounting those facts in the PSR without telling anybody about it. But doesn't that become sort of circular, that we're saying that because there's all this circumstantial evidence to suggest what the court must have been doing with the PSR, we have to believe that part of the statement of reasons, but because there's other circumstantial evidence to believe that he was not relying on the guidelines calculation listed in the statement of reasons, that we shouldn't believe that part of the statement of reasons. And doesn't that basically mean the statement of reasons goes out the window? Your Honor, I don't think that any of the errors that were listed in the statement of reasons dealt with the court's factual findings. I think those dealt with certain other aspects of the sentencing, but nothing raises any questions about the factual findings in this proceeding. Nobody had called those into question. And I think the guidelines error is easily explained in the statement of reasons because there was this dispute about the PSR at the sentencing proceeding. It was corrected on the record, and it's a clerical error that whoever filled out the statement of reasons below, whether it's the judge or his clerk, simply entered in the PSR's original calculation. I think that's easily explainable here. But there is nothing in the record to call into question the underlying factual findings, which is that this defendant agreed, you know, over a four-year period to engage in multiple fraudulent criminal schemes, at least 35 fraudulent transactions involving 21 victims for a loss of $850,000. And those factual findings, plus his post-plea misconduct where he breached his cooperation agreement, those findings amply support this guidelines-range sentence of 87 months. And, again, none of those factual findings are in dispute. And the government's position is that in light of the fact that none of these are in dispute, the written statement of reasons here is sufficient for this Court under plain error standard. Again, we are under this Court's most deferential standard of review. We view it as sufficient to affirm the district court's sentence here. The only other point that I'll raise is that, you know, the fact that the fact is that his statement, the district court's statement on the record was very brief. But I think that the Court also needs to look at that in the context of what was submitted to the Court, the length of this sentencing proceeding, and all of the information that the Court had before it. In particular, he had detailed sentencing memoranda that the parties submitted. There were three victims who spoke at sentencing detailing the conduct of this defendant and the effect that that had on their lives, including the emotional statement of Ashama Jane, who described the loss of her son's college fund and her marriage being placed in jeopardy because of the defendant's conduct. There was also the lengthy PSR, again, which we indicated was not disputed. All of this was presented to the judge when he ultimately made his statement, an imposing sentence, that given the district court's — excuse me — that he had reviewed all the submissions before it. He had read those submissions, considered the 3553a factors, heard the evidence and the arguments, and then he imposed that sentence. So I think it's important that the Court notes that context when it's looking at that statement, and not just viewing it in isolation here, because in previous cases under the plain-error standard — and I'll point the Court to the Wilson opinion, which we cite at page 23 of our brief — this Court has found that similar statements are sufficient to negate plain-error standard. In particular, in that case, the district court stated at the beginning of the sentencing proceeding that it had reviewed the PSR, the sentencing memoranda, and all the pertinent information relevant to sentencing. And given that it was a plain-error standard of review, this Court found that that was sufficient to uphold the sentence. So for these reasons, the government asked that this Court affirm the district court's sentence. Thank you, Your Honors. Just briefly, in terms of Espinoza, obviously, it exists. My contention is it's not controlling because there's no discussion about a potential disconnect between the statement of reasons and what happened at sentencing, which is what's atypical here. What I effectively hear the government arguing in response to your questions, Your Honor, is because the facts weren't contested, therefore, there's no plain error. But the test of this circuit isn't the facts weren't contested. I mean, there are many sentencings where the facts aren't contested, and the Court doesn't get rid of open court allocution requirements because the facts weren't contested. And so that's not a valid substitute. This Court's holdings are either the court has to adopt it, the PSR, in open court, or the court has to adopt it in the statement of reasons. And so, therefore, you got to rely on the statement of reasons. And when you start relying on the statement of reasons, we run into exactly what you talked about, Your Honor, which is, well, which part? You want us to rely on half of it, but half of it is not reliable. So it's because of the magnitude of the disconnect and those errors that this is a pretty narrow case. We'd ask that it be resentenced. Can I ask a question about remedy? Why is it that if the claimed error is that the district court did not state the reasons for its sentence, that the remedy properly wouldn't be simply a remand for the district court to announce those reasons, as opposed to resentencing? Why is that when there's no actual challenge to the substance of the sentence? So I've seen it — I've seen this Court do both. And in Lewis, the Court remanded for resentencing. So, I mean, I went and checked. They remanded for resentencing. So they do. Why is that? Well, from the defendant's perspective, it's like, well, maybe I've done something wonderful since then, and it's a de novo resentencing, and so, you know, let's have back at it. You know, obviously, relief for him lies in a potential opportunity to get less than 87 months, not to have the judge say, ding, ding, and ding. I know why the defendant wants it. Right. I mean, I get that. Right. But I'm saying, why is it that the law should provide that, when the error is not, I got the wrong sentence, give me a new sentence? The error is, you didn't tell me why you did what you did. I think because at this point, the resentencing happened, what, in 2017, April of 2017, it is actually a more coherent philosophy to have a resentence now with current thought of judge than what was I thinking back in April of 2017. Can I ask one other question? You referred to the magnitude of the disconnect in this case between the statement of reasons and the sentencing proceeding. Right. So you're not arguing that any mistake in the statement of reasons, what makes this particular mistake so important? And I was trying to gauge the level of disconnect in terms of what workable standard the Court could use, because clearly there are errors in them. And it could be off by a dollar. You could check one wrong box. And — That wouldn't be enough, right? Well, I think that the true standard has to be whether the Court has a sufficient confidence that the statement of reason reflects what happened at sentencing, and so I'm not asking for a de minimis ministerial error standard. I think there comes a point where there's a sufficient disconnect that the Court can't have confidence, because we know we have the error, and the question is whether it's affected substantial rights. And if you're going to rely on the SOR, there should be enough there. Thank you very much. Thank you both, and we will take the matter under advisement.